```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

FOWLER RODRIGUEZ VALDES-FAULI                 CIVIL ACTION

VERSUS                                        NO: 11-618

WESLEY DALTON MEDFORD and                     SECTION: R(2)
PIVOD TECHNOLOGIES, L.L.C.

## ORDER & REASONS

Plaintiff Fowler Rodriguez Valdes-Fauli moves the Court to enter a default judgment against defendant PIVoD Technologies, L.L.C in the amount of $106,974.92.[1] Because Fowler has presented evidence that PIVoD owes the requested amount in past due legal fees and expenses and this amount is capable of mathematical calculation, the Court GRANTS plaintiff's motion without an evidentiary hearing.

### I.  BACKGROUND

From June 2009 through December 2010, Fowler Rodriguez Valdes-Fauli represented defendant PIVoD Technologies in four lawsuits.[2] Fowler contends that PIVoD fell delinquent in its payment of certain invoices for legal fees and expenses. On June 28, 2010, PIVoD agreed to a payment plan regarding the past due invoices.[3] PIVoD agreed to "maintain current billing while

---

[1] R. Doc. 11.

[2] R. Doc. 1 at 2-3; R. Doc. 11-3 at 1-2.

[3] R. Doc. 11-6, Ex. 3.

making payments on the past due amount."[4]  PIVoD made the first payment but failed to make additional payments in accordance with the terms of the payment plan.[5]

On December 6, 2010, Fowler made written demand on defendants requiring payment of all past due amounts by December 31, 2010 or Fowler would discontinue its representation.[6]  In January 2011, Fowler terminated its representation of PIVoD.[7]  On February 18, 2011, Fowler again made written demand for payment of past due invoices totaling $106,974.92.[8]  Fowler maintains that to date, no payment has been received from the defendants.[9]

Fowler filed this diversity action on March 18, 2011 seeking $106,974.92 in past due fees and expenses in addition to the costs and reasonable attorney's fees associated with this action under La. Rev. Stat. 9:2781.[10]  A summons and complaint was served on defendant PIVoD on April 5, 2011, and proof of service was filed on April 8, 2011.[11]  PIVoD did not file an answer.  On

---

[4]  *Id.*

[5]  R. Doc. 11-3 at 3.

[6]  R. Doc. 11-4, Ex. 1.

[7]  R. Doc. 11-3 at 3.

[8]  R. Doc. 11-5, Ex. 2.

[9]  R. Doc. 11-3 at 4.

[10]  *Id.* at 6.

[11]  R. Doc. 6.

May 3, 2011, Fowler moved for entry of default and default was entered that day.[12]  Fowler now moves for entry of default judgment against PIVoD.[13]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps.  First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case.  *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").  Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Beyond that requirement, however, the entry of default is largely mechanical.

---

[12]  R. Doc. 9; R. Doc. 10.

[13]  R. Doc. 11.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**III. DISCUSSION**

**A. Jurisdiction**

Before entering judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*,

4

802 F.2d 1200, 1203 (10th Cir. 1986)).  Judgment entered in the absence of jurisdiction is void, and the court must therefore refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Defendant Wesley Dalton Medford, PIVoD's president, is an alleged resident of Subiaco, Western Australia; PIVoD is a Delaware limited liability company with its alleged principal place of business in Charlotte, North Carolina; Fowler is a Louisiana limited liability partnership with its principal place of business in New Orleans, Louisiana; and the amount in controversy exceeds $75,000.[14]  Service of process appears to have been properly executed on defendant PIVoD under the Federal Rules of Civil Procedure.  The Court therefore finds that it has jurisdiction to enter this default judgment.

**B. Entry of Default Judgment**

The Court turns to whether a default judgment should be entered against defendant PIVoD.  The record shows that PIVoD was served with process on April 5, 2011 but has failed to plead or otherwise defend against Fowler's claims.  Indeed, PIVoD has made no appearance whatsoever despite the entry of default against

---

[14]  R. Doc. 1 at 1-2.

it.[15]  Although judgments by default are generally disfavored, *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that PIVoD's failure to appear has made it impossible to achieve the "just, speedy, and inexpensive disposition" of this case on the merits.  *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  The record does not reveal any excuse for defendant's failure to appear.  Accordingly, the Court will enter a default judgment against defendant PIVoD.

### C. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability."  *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  A default judgment does not, however, establish the amount of damages.  *Id.; see also Howard v. Weston*, 354 F. App'x 75, 76 (5th Cir. 2009) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").  The Fifth Circuit has stated that although "[a]s a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing[,] [t]hat rule . . . is subject to an exception where the amount claimed is a liquidated sum or one

---

[15]  R. Doc. 10.

capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (citation omitted).

Here, the Court finds that the amount of past due legal fees and expenses owed by PIVoD is capable of mathematical calculation. Fowler has submitted an email from PIVoD's CFO in which PIVoD agreed to an installment payment plan to pay off $99,013.26 in past due invoices, and agreed to "maintain current billing while making payments on the past due amount."[16] Further, Fowler has submitted the affidavit of Robert Johnston, a partner at the firm and one of the primary attorneys that worked on the PIVoD cases.[17] Johnston testifies that PIVoD failed to fulfill its obligations under the payment plan agreement.[18] Johnston further testifies that the total amount owed by PIVoD in outstanding fees and costs to date is $106,974.92.[19] Additionally, Fowler has submitted a February 18, 2011 demand letter providing the amounts outstanding in each of the four

---

[16] R. Doc. 11-6, Ex. 3.

[17] R. Doc. 11-3.

[18] *Id.* at 3.

[19] *Id.*

lawsuits Fowler represented PIVoD.[20] Attached to the letter is a spreadsheet detailing the outstanding invoices from the four cases.[21] The Court finds that the submitted affidavit and supporting documents show that the amount owed by PIVoD in past due legal fees and expenses is $106,974.92. Because this amount was capable of mathematical calculation, the Court grants Fowler's motion without an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, Fowler's motion for default judgment against PIVoD is GRANTED in the amount of $106,974.92.

New Orleans, Louisiana, this 15th day of July, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[20] R. Doc. 11-5, Ex. 2.

[21] *Id.*