UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FOWLER RODRIGUEZ VALDES-FAULI, L.L.P. | CIVIL ACTION |
| VERSUS | NO: 11-618 |
| WESLEY DALTON MEDFORD and PIVOD TECHNOLOGIES, L.L.C. | SECTION: R(2) |

**ORDER AND REASONS**

Defendant PIVoD Technologies, L.L.C. moves the Court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] Because the parties lack complete diversity, the Court grants the motion and dismisses the case for lack of subject matter jurisdiction.

**I.    BACKGROUND**

Plaintiff Fowler Rodriguez Valdes-Fauli ("Fowler") represented defendant PIVoD Technologies in four lawsuits from June 2009 to December 2010.[2] Fowler contends that PIVoD fell delinquent in its payment of certain invoices for this representation, and that it has received no payment from PIVoD to date.[3] On March 18, 2011, Fowler filed this diversity action,

---

[1]    R. Doc. 24.

[2]    R. Doc. 1 at 2-3; R. Doc. 11-3 at 1-2.

[3]    R. Doc. 11-3 at 4.

seeking $106,974.92 in past due fees and expenses in addition to the costs and reasonable attorney's fees associated with this action under La. Rev. Stat. 9:2781.[4] After PIVoD failed to plead or otherwise defend Fowler's claims, this Court entered a default judgment against PIVoD on July 15, 2011,[5] and a judgment in the amount of $106,974.92 on July 18, 2011.[6]

PIVoD now moves for a relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and contends that the Court lacked subject matter jurisdiction over the action.[7] Fowler opposes the motion.[8]

**II. DISCUSSION**

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

---

[4] *Id.* at 6.

[5] R. Doc. 15.

[6] R. Doc. 17.

[7] R. Doc. 24-1 at 5.

[8] R. Doc. 28.

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b). Pivod argues that the default judgment should be set aside under Rule 60(b)(4). The Court may set aside a judgment pursuant to Rule 60(b)(4) if it lacks subject matter jurisdiction or personal jurisdiction. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003); *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). "When ... [a] motion is based on a void judgment under rule 60(b)(4), the district court has no discretion--the judgment is either void or it is not. If the judgment is void, the district court must set

it aside." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)(internal quotations omitted).

Fowler's complaint failed to "distinctly and affirmatively" allege the basis for the Court's jurisdiction, since it did not allege the citizenship of the members of the limited liability companies on both sides of the case. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). The citizenship of Fowler, a limited liability partnership, depends on the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Harvey*, 542 F.3d at 1079. It is undisputed that Fowler is a citizen of Florida, Mississippi, Louisiana, and Texas.[9] Citizenship for PIVoD, a limited liability company,[10] is likewise determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). If a member is an unincorporated entity, "the citizenship must be traced through however many layers of partners or members there may be in order to determine the citizenship of the entity." *Advocate Fin. v. Maher*, No. 10-24-JJB, 2010 WL 2522636, at *1 (M.D. La. June 15, 2010)(citing *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). *See also Greenville Imaging, LLC v. Wash. Hosp. Corp.*, 326 Fed. Appx. 797, 798 (5th Cir. 2009)(tracing LLC membership through four layers).

---

[9] R. Doc. 28 at 2.

[10] R. Doc. 24, Def.'s Ex. A.

In support of its Rule 60(b) motion, PIVoD submits the affidavit of Kenneth Medford, the Chief Financial Officer of PIVoD Technologies.[11] Medford states that from PIVoD's inception, one of its members was Martin Investments Partnership, a Louisiana citizen. PIVoD also submits a Certificate of Membership reflecting that Martin holds 50,000 units of capital in PIVoD Technologies.[12] Further, PIVoD submits evidence that an unincorporated member of Martin Investments has a member who is a Louisiana resident.[13] Fowler maintains that PIVoD is not a Louisiana citizen, and in support of this contention relies[14] on PIVoD's initial Corporate Disclosure Statement,[15] which did not list Martin Investments as a member. PIVoD's corrected Corporate Disclosure Statement, however, includes Martin Investments' ownership interest.[16] Because Fowler is a Louisiana citizen for purposes of diversity jurisdiction, the presence of a Louisiana citizen among the defendant's members destroys complete diversity. *See Harvey*, 542 F.3d at 1079 (complete diversity "requires that all persons on one side of the controversy be

---

[11] R. Doc. 38, Def.'s Ex. 2.

[12] R. Doc. 38, Def.'s Ex. 3.

[13] R. Doc. 38, Def.'s Ex. 3 at 2.

[14] R. Doc. 28 at 2.

[15] R. Doc. 24-8.

[16] R. Doc. 32.

citizens of different states than all persons on the other side").

## III. CONCLUSION

Because the Court finds that it does not have subject matter jurisdiction, the defendant's motion is GRANTED and Fowler's action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 15th day of December, 2011.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE